IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CHRISTOPHER J. RYAN, | * |
| Plaintiff | * |
| vs. | * |
| | CASE NO. 4:06-CV-146 (CDL) |
| ZARZAUR & SCHWARTZ, P.C., | * |
| Defendant | * |

O R D E R

Defendant has filed a Motion to Dismiss Plaintiff's Complaint based upon lack of personal jurisdiction. In the alternative, Defendant moves the Court to transfer this case to the Northern District of Alabama. For the following reasons, Defendant's motion is denied.

In ruling upon a motion to dismiss for lack of personal jurisdiction, the court accepts the allegations in the complaint as true to the extent that they are uncontroverted by defendant's affidavits. *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988). If the evidence conflicts, the court construes all reasonable inferences in favor of the plaintiff. *Id.* There is no material conflict in this case regarding the alleged facts relied upon by Plaintiff to establish jurisdiction. To determine whether those facts support jurisdiction over the non-resident Defendant, the Court makes a two step inquiry. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 256 (11th Cir. 1996). First, the Court analyzes whether the Georgia long arm statute authorizes personal jurisdiction, and if

it does, the Court then must determine whether "sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id*.

Plaintiff's Complaint alleges violations of the "Fair Debt Collections Practices Act." At one time, Plaintiff apparently resided in Phenix City, Alabama. Defendant sent Plaintiff correspondence in 2004 to his address in Alabama in an attempt to collect a debt. Plaintiff subsequently moved to Harris County, Georgia. In 2006 in a further attempt to collect the same debt, Defendant wrote Plaintiff a letter to his address in Georgia. Plaintiff contends that Defendant's attempts to collect the debt violated the Fair Debt Collections Practices Act. The focus of Plaintiff's Complaint is the 2006 letter sent to Plaintiff at his address in Georgia.

It is unclear whether Plaintiff is relying upon the "transaction of business" prong or the tort prongs of the Georgia long arm statute to establish jurisdiction. *See* O.C.G.A. § 9-10-91 (1), (2), and (3). However, it is clear that Plaintiff alleges that the 2006 letter that was mailed into the state of Georgia constitutes the legal wrong upon which Plaintiff's Complaint is based. The Court finds that the Georgia long arm statute authorizes personal jurisdiction for Plaintiff's claim.

The next issue is whether the exercise of jurisdiction over Defendant comports with the requirements of due process. Due process

contemplates two types of jurisdiction—general and specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 nn.8-9 (1984). Plaintiff does not sufficiently allege that Defendant has systematic and continuous contact with Georgia to confer general jurisdiction. Therefore, the only possible basis for personal jurisdiction is specific jurisdiction. The due process requirements for the exercise of personal jurisdiction are that (1) the Defendant must have purposefully established minimum contacts with Georgia, and (2) the exercise of jurisdiction must not offend traditional notions of fair play and substantial justice. *Francosteel Corp. v. M/V Charm,* 19 F.3d 624, 627 (11th Cir. 1994). For "minimum contacts" to be sufficient to satisfy due process, Defendant must have had "fair warning" that its particular activities may subject it to jurisdiction in Georgia. *Robinson,* 74 F.3d at 258. Specifically, Defendant's contact with Georgia must be related to the Plaintiff's cause of action or have given rise to it; must involve some act by which Defendant purposefully avails itself of the privilege of conducting activities within Georgia; and the contacts must be such that Defendant should reasonably anticipate being haled into court here. *Id.* Only after the Court determines that Defendant has purposeful contacts with Georgia will the Court then address whether the exercise of jurisdiction over Defendant would offend notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985).

While it is true that the number of contacts that a Defendant has with the forum state is relevant to the issue of personal jurisdiction, it is not dispositive.  In this case, the one contact that Defendant had with Georgia, the 2006 letter, is the very contact that gives rise to Plaintiff's Complaint.  Plaintiff alleges that the letter sent to him in Georgia violated the Fair Debt Collections Practices Act.  The Court finds that by mailing the letter to Georgia, Defendant purposefully availed itself of the opportunity to conduct its debt collection practices in Georgia.  It was clearly foreseeable that having purposefully engaged in debt collection in Georgia that Defendant could be haled into court here, particularly when the claim arises from Defendant's contact with Georgia.  The Court further finds that the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.  Therefore, exercise of jurisdiction over the Defendant does not violate Defendant's due process rights.

Based on the foregoing, the Court finds that this Court has personal jurisdiction over the Defendant.  Furthermore, the Court finds that venue is proper in this Court. Accordingly, Defendant's motion (Doc. 6) is denied.

IT IS SO ORDERED, this 12th day of February, 2007.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE